NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4581
_____

UNITED STATES OF AMERICA

v.

SEAN GERARD,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 09-cr-00013)
District Judge:  Honorable Anne E. Thompson

_____

Argued December 4, 2012
Before:  SMITH, HARDIMAN and ROTH, *Circuit Judges*.

(Filed:  December 19, 2012)

Alphonso G. Andrews, Jr. [Argued]
Allan John-Baptiste
Office of United States Attorney
1108 King Street
Suite 201
Christiansted, St. Croix, VI 00820
        *Attorney for Plaintiff-Appellee*

Yohana M. Manning [Argued]
Second Floor
53A Company Street
Christiansted, VI 00820
        *Attorney for Defendant-Appellant*

—————

OPINION OF THE COURT

—————

HARDIMAN, *Circuit Judge*.

Sean Gerard appeals the District Court's order denying his motion for a new trial following his convictions for murder and firearms offenses. He claims there was insufficient admissible evidence to support a guilty verdict. Because we discern no error by the District Court, we will affirm.

I

We write for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

In June 2009, a grand jury charged Gerard with the May 6, 2009, murder of Alfred Hendricks in the Mon Bijou neighborhood of St. Croix and various firearms-related offenses.[1] Arkeisha Hughes testified to the grand jury that on the day of the murder she had seen Gerard and another person fighting over a bicycle. She said that Gerard pulled a hammer out of his pants and used it to beat the other individual. Hughes then saw Gerard

---

[1] In addition to first degree murder in violation of 14 V.I.C. §§ 922(a)(1) and 923(a), the grand jury charged Gerard with: being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); receiving a firearm while under information in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(d); and unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a).

go inside and grab a gray-and-black firearm and she heard shots fired. Although she did not witness the shooting, Hughes testified that, after she heard the gunshots, she saw Gerard go up the road.

At Gerard's jury trial, Hughes did an about-face, testifying that her statement before the grand jury was a lie, that she was not in Mon Bijou on May 6, 2009, and that her boyfriend, James Rock, had provided her with the details of Gerard's attire, the altercation between Gerard and the third party, the gun, and the shooting. The prosecution then impeached Hughes with her grand jury testimony. Later in the trial, the Court permitted a Government witness to read into the record the portions of Hughes's grand jury testimony that contradicted her trial testimony as a prior inconsistent statement, over defense counsel's objection.

In addition to Hughes, several others testified about what happened in Mon Bijou on the day of the murder. A neighbor recalled hearing gunshots and seeing Gerard walking away from the area from which the shots were fired with his hands under his shirt. Rock testified that he witnessed an argument between Gerard and another individual, heard two shots fired, and saw Gerard leave the area from which the shots were fired. Sergeant Robert Matthews of the Virgin Islands Police Department recounted his interaction with Gerard soon after the shooting, during which Gerard "started acting very nervous" and "wouldn't make eye contact" with the officer. Matthews also noticed cuts on Gerard's forearm. Rashid Ali recalled hearing shots fired and seeing someone

3

rapidly exit the area from which the discharges originated. Ali had previously identified that person as Gerard in a photo array.

On April 14, 2010, the jury found Gerard guilty of first degree murder and unauthorized possession of a firearm. The next day, the District Court conducted a bench trial and found Gerard guilty on the remaining counts of being a felon in possession of a firearm and receiving a firearm while under information. After Rock swore in a declaration that he provided Hughes with the information she used to testify before the grand jury, Gerard filed a motion requesting a new trial based on newly discovered evidence. The District Court denied the motion and later sentenced Gerard to life imprisonment on the murder conviction to be served concurrently with shorter sentences on the three firearms convictions. This appeal followed.

## II[2]

Gerard makes three interrelated arguments on appeal: (1) the District Court abused its discretion when it allowed the Government to read Hughes's grand jury testimony into the record as substantive evidence; (2) without Hughes's grand jury testimony, the trial jury had insufficient evidence to convict Gerard of any of the charged crimes; and (3) the Court erred when it denied Gerard's motion for a new trial. We address each of these issues and their respective standards of review in turn.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a), and we have jurisdiction under 28 U.S.C. § 1291.

A

The admissibility of Hughes's grand jury testimony turns on whether it was "inconsistent" with her testimony at trial under Federal Rule of Evidence 801(d)(1). "To the extent that our review of the District Court's determination implicates its interpretation of the Federal Rules of Evidence, our review is plenary, but where the District Court's ruling was 'based on a permissible interpretation of a rule,' we review only for an abuse of discretion." *United States v. Peppers*, 302 F.3d 120, 137 (3d Cir. 2002) (quoting *United States v. Console*, 13 F.3d 641, 656 (3d Cir. 1993)).

Rule 801(d)(1) provides that a witness's prior statement is not considered hearsay and is admissible as substantive evidence where: "The declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition . . . ."

At trial, Hughes testified on direct examination that she was not in Mon Bijou on the date of the murder, that she had received the entire account secondhand from her boyfriend, Rock, and that she could not remember many of the events of May 6, 2009. She reiterated these assertions during cross-examination. This testimony was a complete reversal of her sworn grand jury testimony, in which she offered a detailed, first-person account that included: Gerard's attire; his attack on another with a hammer; his retrieval of a gun; hearing gunshots; and seeing Gerard's subsequent departure from the scene of

5

the crime. The inconsistency of Hughes's trial testimony extends to her purported lack of memory regarding both the day's events and her grand jury testimony.

We have noted that "inconsistency under Rule 801(d)(1)(A) is not limited to diametrically opposed statements." *United States v. Mornan*, 413 F.3d 372, 379 (3d Cir. 2005) (citation omitted); *see, e.g.*, *United States v. Iglesias*, 535 F.3d 150, 159 (3d Cir. 2008) ("[W]here a witness demonstrates a 'manifest reluctance to testify' and 'forgets' certain facts at trial, this testimony can be inconsistent under Rule 801(d)(1)(A)." (quoting *United States v. Williams*, 737 F.2d 594, 608 (7th Cir. 1984))) (footnote omitted). Because Hughes's trial testimony is irreconcilable with her grand jury testimony, the District Court properly held that the Government could read the relevant grand jury testimony into the record as a prior inconsistent statement under Rule 801(d)(1)(A).

Gerard attempts to avoid Rule 801(d)(1)(A) by making a threshold argument that Hughes's grand jury testimony is inadmissible under Federal Rule of Evidence 602, which states: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." He claims the Government failed to establish that Hughes had personal knowledge of the events surrounding the murder. Gerard's interpretation is incorrect because Rule 602 creates a low threshold for admissibility, and a judge should admit witness testimony if the jury

could reasonably find that the witness perceived the event. *See United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) ("Testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." (citation omitted)). Based on the detailed nature of Hughes's grand jury testimony and her about-face on the witness stand at trial, a reasonable juror could determine that she was lying during trial and that she did, in fact, personally witness Gerard's actions in Mon Bijou on May 6, 2009. Therefore, Rule 602 does not bar Hughes's grand jury testimony and we find no abuse of discretion in its admission as a prior inconsistent statement under Rule 801(d)(1)(A).

B

Because Gerard's argument regarding the sufficiency of the evidence was largely predicated on Hughes's grand jury testimony having been erroneously admitted, we will only briefly address it here. When deciding whether a jury verdict rests on legally sufficient evidence, "we must view the evidence in the light most favorable to the government," *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citation omitted), and we will sustain the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted).

Several witnesses testified that Gerard was involved in an altercation with the

7

victim just before the murder occurred.  Hughes testified that just prior to hearing gunshots, she saw Gerard retrieve a handgun and walk back to the area where the victim was later found dead.  Multiple witnesses also saw Gerard leaving the scene of the crime immediately after hearing shots fired.  Gerard was injured following the shooting, and he acted evasively while speaking with police.  This and other evidence presented at trial provided a sufficient basis for a rational juror to find Gerard guilty of murder.

The same holds true for the weapons charges.  Gerard stipulated that he was a convicted felon, that there was proof beyond a reasonable doubt that there was a pending information charging him with felony robbery, and that there were no firearm manufacturers in the Virgin Islands, so the weapon necessarily travelled in interstate commerce.  Considering these stipulations and the testimony indicating that Gerard murdered the victim with a handgun, there was sufficient evidence to convict him of the three firearms charges.

C

Lastly, Gerard contends that the Court erred when it denied his request for a new trial.  The Court found that Rock's post-trial declaration that Hughes was not present in Mon Bijou on May 6, 2009, was not newly discovered evidence because Hughes said as much while she was on the witness stand.  Though we normally review a District Court's denial of a motion for a new trial for abuse of discretion, *Hook v. Ernst & Young*, 28 F.3d 366, 370 (3d Cir. 1994), we determine de novo whether a witness's declaration

constitutes "newly discovered evidence," *see United States v. Jasin*, 280 F.3d 355, 360 (3d Cir. 2002).

Federal Rule of Criminal Procedure 33 provides that a District Court "may vacate any judgment and grant a new trial if the interest of justice so requires." A new trial should be granted only if "there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)) (internal quotation marks omitted). "There are five requirements that must be met before a court may grant a new trial on the basis of newly discovered evidence," including that "the evidence must be in fact newly discovered, i.e. discovered since trial." *United States v. Quiles*, 618 F.3d 383, 388 (3d Cir. 2010) (citation omitted). We agree with the District Court that there is nothing in Rock's declaration that constitutes new evidence. Hughes repeatedly claimed at trial that she was not actually present at the time of the murder, an assertion that led to extensive impeachment with her grand jury testimony. Therefore, Rock's declaration does not constitute new evidence and the Court correctly denied Gerard's motion for a new trial.

III

For the reasons stated, we will affirm the judgment of the District Court in all respects.

9